I respectfully dissent. I believe that competent and credible evidence in the record supports the trial court's finding that appellant negligently failed to warn Genton of the danger of riding the Fun Cycle down the hill. The trial court found that Genton "was credible when he testified that no one told him not to ride the fun cycle down the hill." The court also found that appellant's "testimony that patrons were orally warned not to ride fun cycles down the hill is unpersuasive." Therefore, the third assignment of error should be overruled.
I also believe the fifth assignment of error should also be overruled. The record supports a finding that Genton was injured because appellant negligently assembled the Fun Cycle. Gary Bloom, the individual who drafted the rental agreement, testified that appellee "violated its duty under the rental agreement" when it provided a Fun Cycle that vibrated "when you hit the brakes." Additionally, the trial court erred when it stated that "either a defect of some sort existed in the fun cycle, or that [appellant] negligently assembled the fun cycle." Because of the unique nature of the Ohio Court of Claims, the manufacturer was properly dismissed as a party. Therefore, the manufacturer's alleged negligence should not have been an issue decided by the trial court. I believe the better remedy would be to remand the present case back to the Court of Claims for further proceedings rather than penalize appellees for this error by the trial court.